IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, successor by merger to TRANSCONTINENTAL INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>    v.<br><br>WESTERN ENVIRONMENTAL CONSULTANTS, INC., a California Corporation; and PACIFIC GAS & ELECTRIC COMPANY, a California Corporation; LEXINGTON INSURANCE COMPANY; UNDERWRITERS AT LLOYD'S LONDON,<br><br>        Defendants.<br>_____<br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS<br>_____ | 2:10-cv-02806-GEB-EFB<br><br>ORDER |

        Currently pending are separate motions to stay this action; one was filed by Pacific Gas & Electric Company ("PG&E"), and the other by Underwriters at Lloyd's London ("Underwriters"). Western Environmental Consultants, Inc. ("Western") joined each motion. In connection with consideration of the stay motions, the Court examined Plaintiffs' First Amended Complaint ("FAC"). Although Plaintiffs allege in the FAC that diversity of citizenship is the basis of subject matter jurisdiction, they have not alleged sufficient facts to establish diversity of citizenship jurisdiction, since Plaintiffs have not

1

1 sufficiently alleged the citizenship of the business-entity Defendants.
2 Further, certain crossclaims and counterclaims filed in this action also
3 fail to allege sufficient facts to establish diversity of citizenship
4 jurisdiction, which is the only alleged basis for original subject
5 matter jurisdiction in those pleadings.

6        A "plaintiff has the burden of pleading the existence of the
7 court's jurisdiction and, in a diversity action, the plaintiff must
8 state all parties' citizenships such that the existence of complete
9 diversity can be confirmed." <u>Chem. Leaman Tank Lines, Inc. v. Aetna Cas.</u>
10 <u>and Sur. Co.</u>, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (internal citation
11 omitted).

12          In cases where entities rather than individuals are
litigants, diversity jurisdiction depends on the
13 form of the entity. For example, an unincorporated
association such as a partnership has the
14 citizenships of all of its members. By contrast, a
corporation is a citizen only of (1) the state
15 where its principal place of business is located,
and (2) the state in which it is incorporated.
16
17 <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir.
2006) (internal citation omitted).
18
19        Here, Plaintiffs name Western, PG&E, Underwriters, and
Lexington Insurance Company ("Lexington") as Defendants in the FAC. (FAC
20
¶¶ 4-7.) Plaintiffs allege that Western, PG&E, and Lexington are
21
corporations, but have not alleged the principal place of business of
22
either Western or PG&E, and have not alleged Lexington's state of
23
incorporation. Additionally, Plaintiffs have not alleged whether
24
Underwriters is a corporation, or a different type of business entity.
25
Therefore, Plaintiffs have failed to sufficiently allege the citizenship
26
of the Defendants. Accordingly, the FAC is dismissed for lack of subject
27
matter jurisdiction.
28

"[T]he dismissal of [Plaintiffs' FAC] . . . for lack of subject-matter jurisdiction will require the court also to dismiss the [related] crossclaim[s], unless [those] claim[s] [are] supported by an independent basis of federal jurisdiction." 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1433 (3d ed. 2010). "The dismissal of . . . [P]laintiff's [FAC] for lack of jurisdiction [also] requires dismissal of [the related] counterclaim[s] unless the counterclaim[s] present[] independent grounds of jurisdiction." Kuehne & Nagel (AG & Co) v. Geosource, Inc., 874 F.2d 283, 291 (5th Cir. 1989). Therefore, the following pleadings are dismissed for the below stated reason: PG&E's crossclaim against Lexington and Underwriters filed on January 10, 2011, since PG&E has not alleged its own principal place of business, the location in which Lexington is incorporated, and whether Underwriters is a corporation or a different type of business entity; PG&E's counterclaim against Plaintiffs filed on January 11, 2011, since PG&E has not alleged its own principal place of business; Lexington's crossclaim against Western, PG&E, and Underwriters filed on January 31, 2011, since Lexington has not alleged the principal place of business of Western or PG&E, or whether Underwriters is a corporation or a different type of business entity; and Western's crossclaim against Lexington and Underwriters filed on May 6, 2011, since Western has not alleged Lexington's state of incorporation, or whether Underwriters is a corporation or a different type of business entity.

Further, the pending motions to stay, filed respectively on March 24, 2011 and March 28, 2011, are denied as moot, since each movant's argument in favor of a stay is premised on the allegations and relief sought in Plaintiffs' dismissed FAC.

Lastly, since Western's crossclaim has been dismissed, Lexington's motion filed on May 27, 2011, to dismiss the "claim for attorney's fees" in Western's crossclaim is denied as moot.

The parties whose pleadings have been dismissed in this Order are each granted fourteen (14) days from the date on which this Order is filed to file an amended pleading addressing the deficiencies in their respective dismissed pleadings.

Dated: August 31, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

4