IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, successor by merger to TRANSCONTINENTAL INSURANCE COMPANY, <br><br>           Plaintiffs, <br><br>     v. <br><br>WESTERN ENVIRONMENTAL CONSULTANTS, INC., a California Corporation; and PACIFIC GAS & ELECTRIC COMPANY, a California Corporation; LEXINGTON INSURANCE COMPANY; UNDERWRITERS AT LLOYD'S LONDON, <br><br>           Defendants. <br>_____ <br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS <br>_____ | 2:10-cv-02806-GEB-EFB <br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

The September 8, 2011, Minute Order scheduled a status conference in this case on November 28, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on November 28, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether

the parties or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 13, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  November 17, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).