IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, successor by merger to TRANSCONTINENTAL INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>     v.<br><br>WESTERN ENVIRONMENTAL CONSULTANTS, INC., a California Corporation; and PACIFIC GAS & ELECTRIC COMPANY, a California Corporation; LEXINGTON INSURANCE COMPANY; UNDERWRITERS AT LLOYD'S LONDON,<br><br>        Defendants.<br>_____<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS<br>_____ | 2:10-cv-02806-GEB-EFB<br><br>ORDER |

        The parties filed a Joint Status Report on January 30, 2012, in which they state: "[t]he parties have . . . engaged in substantive settlement discussions and have come to a tentative settlement agreement. The parties believe they will work out the particulars of the settlement . . . and that all remaining claims and active pleadings will be dismissed within 60 days of filing this report, if not sooner." (ECF No. 137, 5:3-6.)

Therefore, a dispositional document shall be filed no later than March 30, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, American Casualty Company of Redding, Pennsylvania and National Fire Insurance Company of Hartford's pending dismissal motion (ECF No. 126), which is scheduled for hearing on March 5, 2012, is deemed withdrawn in light of the above-referenced settlement.

Lastly, the Status Conference scheduled for hearing on February 13, 2012, is continued to April 23, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated: February 6, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2